# **EXHIBIT 5**

```
 1  STATE OF ILLINOIS  )
                       )   SS:
 2  COUNTY OF C O O K  )

 3          IN THE CIRCUIT COURT OF COOK COUNTY
              COUNTY DEPARTMENT-CRIMINAL DIVISION
 4
    THE PEOPLE OF THE    )
 5  STATE OF ILLINOIS,   )
                         )   Indictment No. 81-1204
 6      VS.              )
                         )   Charge:  Murder, etc.
 7  MURRAY HOOPER.       )
                         )   Heard before the Hon. THOMAS
 8                           MALONEY, Judge of said Court,
                             on the 23rd day of September,
 9                           A.D., 1981, at 11:30 o'clock a.m.

10       Court convened pursuant to adjournment.

11       Present:

12       Hon. Richard M. Daley,
               State's Attorney of Cook County, by
13       Mr. Gregg Owen,
         Mr. Michael Goggin,
14               Assistant State's Attorneys
                 on behalf of the People;
15
         Mr. Thomas Peters,
16               on behalf of the Defendant.
```

1239

1  THE CLERK: The People vs. Murray Hooper, 81-1204.

2  MR. PETERS: Good morning, Your Honor. Thomas Peters.

3  I'm here on behalf of Murray Hooper who is present

4  before the court.

5  Your Honor, the case is set today for filing

6  of post trial motions, and at this time I would tender

7  to the Court our motion for new trial, copies of which

8  was previously served on the State's Attorneys this

9  morning.

10 THE COURT: All right.

11 MR. PETERS: Your Honor, with respect to this motion

12 I know you have now had a chance to read it over. Each of

13 the items raised in there was raised at trial, and I

14 believe that I stated my arguments to the Court as well

15 then as I could now, and that the Court fully understood

16 each of my arguments as to each of these points. I

17 don't see any further need to reiterate what I already

18 argued to Your Honor and what Your Honor has already

19 ruled upon.

20 Naturally we would ask the Court to recon-

21 sider based on the arguments previously made as stated

22 in the motion.

23 THE COURT: All right. The Court has read and considered

24 the motion for new trial and the motion is denied.

2

1240

1241

All right, are we ready to proceed to the sentencing hearing?

MR. PETERS: Yes, Your Honor.

MR. OWEN: Judge, could I just make a request? Just for the sake of the record was there a presentence done in this particular case? I haven't seen one yet, that's all. I don't know if it was done.

THE COURT: I believe there was.

MR PETERS: One was ordered.

THE COURT: Yes, that's right. We put it -- yeeh.

MR. OWEN: Thank you, Judge.

THE COURT: It came in yesterday. I'll tender a copy of it to the State and to the Defense and file the original.

MR. OWEN: Thanks, Judge.

THE COURT: Have the parties had a chance to read the presentence report?

MR. PETERS: Yes, Your Honor.

Your Honor, what the report indicates is that on September the 21st, 1981, which would be two days ago, a probation officer named William Pilcher attempted to interview Mr. Hooper but Mr. Hooper refused to be interviewed.

I would like to indicate to Your Honor that

3

on at least two, if not three occasions prior to the 21st of September, 1981, unknown agents of the Federal Bureau of Investigation attempted to interview Mr. Hooper and and at my direction he refused to be interviewed by them, and if Your Honor's desirous of any information that would ordinarily be in the presentence report we are willing to provide that information. We were unaware that Mr. Pilcher was also attempting to interview Mr. Hooper. In fact, I specifically requested at the jail that if somebody from probation came there they should contact me so I can arrange that Mr. Hooper would speak to that person, but he was instructed by me not to speak to any agents of the Federal Bureau of Investigation or other law enforcement personnel.

THE COURT: Well, if there is any information that you wish to have written in on this presentence report I would be glad to have Miss Soto take it down.

MR. PETERS: From what I have is just a blank here. I know the questions that are generally on it, although not by heart. I could certainly give that information to you orally right now.

THE COURT: Well, you can do that.

MR. PETERS: Could you tell me what information they are asking for on there so I don't --

1    Mr. Hooper's age is known. It's 35, correct?

2    THE COURT: Well, I don't --

3    MR. PETERS: He was at the time of this incident
4    living with a young lady and helping to support two of
5    her children, not his children. He has two brothers and
6    two sisters. His parents are both living and employed,
7    have been here in court throughout the case. He has
8    from time to time been employed himself. He was not
9    employed specifically at the time of the incident alleged
10   in this case.

     He is not addicted to any drugs, nor is he
12   an alcoholic, nor does he use drugs.

     We have nothing further other than the
14   testimony he gave about the case to state concerning the
15   case, and to my recollection that's the kind of questions
16   that they generally ask. If I'm missing some personal
17   background information that you would like, we would
18   certainly give it to you.

19   THE COURT: Nothing that I can think of at the moment.

20   MR. PETERS: I don't have anything to add then beyond
21   that.

22   THE COURT: Okay. Do you have order forms?

23   MR. OWEN: Judge, the reason I didn't bring them was
24   because you had used your own form before in the last

1243

case. We included them in the file. I left the form for Mr. Hooper in the office because I figured you would probably use your form and we would prepare a form subject to what yours is rather than ours, which is somewhat different than you did in the last two sentences. I thought there might be a conflict in the record that you say one thing and the form might say another, so I don't have one prepared with your wording. I have one in the office with the old wording which we have used previously which is somewhat different than yours, than your wording.

THE COURT: Well, all right. I can afterwards sign a written order that would be consistant with --

MR. OWEN: All right.

THE COURT: -- what is done. We could proceed then.

Is there anything that the State wishes to say? We are addressing the conviction for murder wherein the jury has recommended the penalty of death. At the moment that is what we are addressing.

MR. GOGGIN: Your Honor, with regards to that particular charge the jury that was selected in this courtroom spoke the verdict that we submit is the true verdict in this case and the only verdict in this case. We would recommend that the Court follow that verdict and sentence

1  the defendant, Murray Hooper, to die based on the
2  evidence in the case, the evidence in aggravation, and
3  his history in life in our community as a criminal and
4  a killer.
5     THE COURT: All right. Mr. Peters?
6     MR. PETERS: Your Honor?
7     THE COURT: Anything you wish to say?
8     MR. PETERS: Just briefly, Your Honor.
9        You have, of course, heard my arguments
10 throughout the trial and at the sentencing hearing,
11 and I will not further belabor those points.
12       I would again urge Your Honor not to impose
13 the sentence recommended by the jury and I would point
14 out to Your Honor that Mr. Hooper is only 35 years old,
15 that he is, and I think Your Honor could tell from his
16 testimony, an intelligent and articulate person, cer-
17 tainly a person who is not beyond the realm of rehabil-
18 itation given his age.
19       I am aware of the evidence. Your Honor's
20 aware of the evidence.
21       I would add nothing further now than I had
22 previously said.
23    THE COURT: Well, it is the Court's opinion that the
24 statute does not allow the Court any discretion at this

7

**1245**

point, the jury having recommended the death penalty.

MR. PETERS: For the record, Your Honor, it is my opinion that you always have that discretion. I would urge Your Honor to use that discretion.

THE COURT: No, not under our statute. There is no discretion left.

Mr. Hooper, anything that you wish to say prior to the imposition of sentence?

MR. PETERS: I don't believe Mr. Hooper has anything to say at this time, Your Honor.

THE COURT: All right. The Court observes that the defendant is shaking his head indicating a no.

Allright. Murray Hooper, for the murders of Richard Hilley, Frederick Lacey, and R. C. Pettigrew, of which the jury found you guilty, and for which the jury recommended sentence of death on August 25th, 1981, you are hereby sentenced to be put to death by electrocution.

It is further ordered that you are to be transported by the Cook County Sheriff to the Illinois State Penitentiary and your custody transferred to the warden of that penitentiary, and thereafter you are to be executed according to law on December 23, 1981.

It is further ordered, however, that the

8

1246

1 execution be stayed until the final order of the
2 Supreme Court of this state.
3 You are advised that an appeal to the
4 Illinois Supreme Court is automatic and will proceed
5 without any action being taken by you.
6 We will now proceed to the matters of
7 three convictions for armed robbery and three convictions
8 for aggravated kidnapping.
9 It is -- there anything that the State
10 wishes to say in connection with those matters?
11 MR. OWEN: Judge, we would ask that the sentence
12 imposed by the Court be the maximum sentence under law
13 for those offenses because of the heinous nature of the
14 crimes.
15 THE COURT: All right, Mr. --
16 MR. PETERS: I have nothing further to add other
17 than what I previously stated today and all of the
18 other occasions.
19 THE COURT: All right. Mr. Hooper, anything that you
20 wish to say? I take it that you do not.
21 All right, for the armed robberies of Frederick
22 Lacey, and R. C. Pettigrew, and Richard Hilley, the Court
23 finds that they were committed in an exceptionally
24 brutal and heinous manner and that you are, therefore,

9

1247

sentenced to a term of -- an extended term of sixty years in the penitentiary system of the Illinois Department of Corrections for each of those armed robberies. Those sentences to run concurrent.

For the aggravated kidnapping of Richard Hilley, Frederick Lacey, and R. C. Pettigrew of which you have been convicted the Court finds that those aggravated kidnappings were committed in an exceptionally brutal and heinous manner, and for each of those aggravated kidnappings you are, therefore, sentenced to the extended term of sixty years for each of those offenses, those sentences to run concurrently, and to run concurrently with the sentences for armed robbery.

Judgment on those sentences. Mittimus to issue on all matters.

You are advised under the law with respect to the convictions and sentences for armed robbery and aggravated kidnapping, Mr. Hooper, that you may appeal from the verdict, judgment, and sentence of the Court. To do that you must file a Notice of Appeal with the clerk of the court within in 30 days of this date, and notice must be in writing, and it can be done by requesting the clerk of the court to file it on your behalf.

If you do not have money to hire a lawyer

to represent you on appeal of these matters a lawyer will be appointed and you will be furnished without cost a transcript of your trial.

MR. PETERS: Your Honor, with regard to that I have already prepared a Notice of Appeal and an affidavit of indigency which is not sworn to because we don't have access to a notary here, but Mr. Hooper, if it is necessary, could be put under oath to indicate he has no income and no assets. I also request --

THE COURT: The Notice of Appeal must be filed in the clerk's office but the -- indigency of the defendant will be accepted as a fact, and the Court will grant the petition for a transcript of his trial without cost.

MR. PETERS: It's further requested, Your Honor, that the office of the State Appellate Defender be appointed to represent Mr. Hooper, and I have previously contacted them and they were unable to have a representative here today in court, but they did advise me that these are the forms that they would like entered if the Court so --

THE COURT: All right, the State Appellate Defender would be appointed.

MR. PETERS: Thank you.

THE COURT: Okay. I'll return these to you in that

11

sentenced to a term of -- an extended term of sixty years in the penitentiary system of the Illinois Department of Corrections for each of those armed robberies. Those sentences to run concurrent.

For the aggravated kidnapping of Richard Hilley, Frederick Lacey, and R. C. Pettigrew of which you have been convicted the Court finds that those aggravated kidnappings were committed in an exceptionally brutal and heinous manner, and for each of those aggravated kidnappings you are, therefore, sentenced to the extended term of sixty years for each of those offenses, those sentences to run concurrently, and to run concurrently with the sentences for armed robbery.

Judgment on those sentences. Mittimus to issue on all matters.

You are advised under the law with respect to the convictions and sentences for armed robbery and aggravated kidnapping, Mr. Hooper, that you may appeal from the verdict, judgment, and sentence of the Court. To do that you must file a Notice of Appeal with the clerk of the court within in 30 days of this date, and notice must be in writing, and it can be done by requesting the clerk of the court to file it on your behalf.

If you do not have money to hire a lawyer

10

1248

1250

1  it -- well -- this, the affidavit will be filed.

2  MR. PETERS: And I'll file that with the clerk's
3  office.

4  THE COURT: Okay, anything further?

5  MR. PETERS: Nothing further.

6  Your Honor, is it possible for Mr. Hooper
7  to visit very briefly with his parents?

8  THE COURT: No. We have not facilities and no personnel
9  for it. I am sorry.

( Which were all the proceedings
had at the trial of the above
entitled cause.)

12

1250